UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL EDWARD CALLAHAN,

       Plaintiff,                  CASE NO. 1:16-cv-208

v.                                    HON. GORDON J. QUIST
                                       HON. MAG. PHILLIP J. GREEN

MUSKEGON COUNTY,

       Defendant.

---

| Daniel Edward Callahan | Allan C. Vander Laan (P33893) |
|---|---|
| Plaintiff In Pro Per | Andrew J. Brege (P71474) |
| 2441 Winding Brook Court | CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC |
| Rochester Hills MI  48309 | Attorneys for Defendant |
| dcalla1033@aol.com | 2851 Charlevoix Dr., S.E. - Suite 327 |
| | Grand Rapids MI  49546 |
| | 616-975-7470 |
| | avanderlaan@cmda-law.com |
| | abrege@cmda-law.com |

---

**JOINT STATUS REPORT**

Rule 16 Scheduling Conference is scheduled for April 15, 2016 at 11:00 a.m. before the Honorable Phillip J. Green, Courtroom 740, Federal Building, 110 Michigan, N.W., Grand Rapids, MI.  Appearing for the parties will be Plaintiff Daniel E. Callahan and Allan C. Vander Laan as counsel for Defendant.

**1)**    **Jurisdiction**:    This action arises under 42 USC §1983. Jurisdiction is conferred by 28 USC §1331 (federal question) and §1343(4) (civil rights) & supplemental jurisdiction over state claims.  Defendants object to jurisdiction to the

extent Plaintiff's claims may be barred by the ***Rooker Feldman*** doctrine, federal abstention doctrine, or both.

**2)** **Jury or Non-Jury**:  This case is to be tried before a jury

**3)** **Judicial Availability**:   The plaintiff and defense counsel agree to have The Honorable Magistrate Judge to conduct any and all further proceedings in this case, including trial, and to order the entry of final judgement.

**4)** **Geographic Transfer**: geographic transfer not warranted

**5)** **Statement of the Case**:

**Plaintiff**:

Plaintiff states that based upon defendant's egregious actions causing numerous and frivolous violations of plaintiff's United States Constitutional Amendment Rights (USCAR).

4th USCAR; The right of Daniel Callahan to be secure in his person, house, papers and effects, against unreasonable search and seizure, was in fact violated with warrants issued without probable cause. Reference falsified SWAT team report used to exercise a misdemeanor warrant', violation of Daniel Callahan's right to a preliminary hearing under additional threat of additional felony charges as is stated in court transcript and witnessed by a Circuit Court Judge, Prosecutor and Defense Attorneys as Daniel Callahan represents himself in the criminal trial reference Exhibit 3.

6th USCAR; Daniel Callahan has been denied a fair and speedy trial, Unnecessary delay as proof of court docket indicating continuous application of increasing felony charges causing actions in and out of State District and Circuit Courts over a 23 month period, Reference Circuit Court docket Exhibit 3.

8th USCAR; Daniel Callahan was denied protection of the 8th Amendment USC by defendant imposing excessive bail in the amount of $70,000.00, Use of unreasonable force and unusual punishment with use of an untrained SWAT team, torture while enduring a 23 month trial only to be found not guilty of any felony charges but is basically termed a lifelong felon for all intense purposes by internet and media sources from defendant's actions; Reference exhibits 1 & 2.

14th USCAR; Daniel Callahan has been denied all Life Liberty and Property by destroying his career and future career potential.  Daniel Callahan is denied protection of rights, privileges and immunities of citizenship as he is denied Doctor ordered life sustaining medication under Doctors orders of medications given to jail staff even

before and after the first near death convulsion's leading to again near death convulsions of which both required transport to The Hackly Hospital in Muskegon, MI., The right to be treated fairly and protected from cruel and unusual punishment and the right of an inmate's access to medical and mental care.

Defendant authorizes State Malicious Prosecution which should be allowed in Joinder to be tried within this Court; and suspect of disregarding Federal Laws. To include; Obstruction of Justice and The Freedom of Information Act at a time when there was no Judicial procedure in process. Defendant's Obstruction of Justice consequentially terminated a Michigan Circuit Court Action from proceeding even though instructed by The Allegan County 48th Circuit Court to proceed. The defendant County Clerk's office accepted plaintiff Motion to file Renewed Pleadings allowing the 48th Circuit court to proceed as required by plaintiff, the Muskegon County 14th Circuit Court issued a hearing date to go forward with Renewed Pleadings as instructed by the 48th Circuit Court. Defendant then failed to forward plaintiff Renewed Pleadings as allowed for by the 48th Circuit Court and terminates all actions with that case resulting in an order issued in the defendant's favor. Plaintiff notified the defendant through the County Clerk's Office and their defense counsel of the unlawful action and defense counsel for defendant simply states, "Our client has done nothing wrong". Plaintiff case against the defendant verdict stands in favor of defendant without any written documentation and plaintiff scheduled Motion for plaintiff action vanishes from the 14th Circuit Court Docket as illustrated by Exhibits filed with the Complaint leading to this filing with The United States District Court Western District Of Michigan Southern Division. Muskegon County Michigan must see to it that the suspect activity of "Depression Era Law Technique" must cease upon United States Citizens along with Plea bargaining "Rule of false charge negotiation" to allow financially challenged people of Muskegon County a reasonable chance at gainful employment. The people of Muskegon County Michigan continue to be harmed as the plaintiff is being harmed by the County's illegal actions. The defense claim to not be a Party in Joinder and to Claim Sovereign Immunity is a failed defense based upon A Proximate Cause, in addition, All Defendant's Answer and Affirmative Defenses submitted to this court on March 16, 2016 will not stand under scrutiny of a jury trial therefore, the jury will dismiss the false defenses as should This Court. In summary, the final damaging event was near fatal but plaintiff survived a 22 day hospital stay when plaintiff at 50 years old was relegated to physically demanding low pay employment of last resort to survive and ultimately is permanently work disabled from multiple spinal fractures that will end with plaintiff in a wheelchair as he ages. Plaintiff is maintaining a persistent resilience in an attempt to return to being brought back to life now with the assistance of Physical Therapy, Social Security Disability, Medicaid and Food Stamps after being diagnosed "Anemic" for lack of nutritional food. Everything plaintiff worked for since age 15 has been systematically Obliterated to include family, friend's personal and business relationships, total destruction of character and in a devastated world of, financial ruins: A destroyed existence of a man by a deviant defendant. Claims of Obstruction of Justice are based Upon The Defense not forwarding a motion filed with the County Clerk to set aside judgement as ordered by the 48th Michigan Circuit Court after failing to recognize Plaintiff renewed pleadings where mistakenly overlooked. In effect an illegal County Action not falling under the rules of The Heck Doctrine or Habeas Corpus claims in the

criminal trial, A claim asserting the Rooker Feldman Doctrine and or federal abstention doctrine, or both are failed defenses; Reference Exhibits 1, 2, 3 & 4.

**Defendant**:

Defendant denies the allegations in Plaintiff's complaint.

Plaintiff's Claim 1 is barred for the following reasons: The 14th and 48th Circuit Courts are not parties to this claim.  Michigan's state trial courts are an arm of the state, and thus entitled to absolute Eleventh Amendment immunity from Plaintiff's claims. Further, absolute judicial immunity applies to the actions of any individual judge. Finally, Plaintiff's claims is barred by the ***Rooker Feldman*** doctrine and/or should be dismissed under federal abstention doctrine.

Plaintiff's Claim 2, for alleged violation of the Michigan Freedom of Information Act, should be dismissed as any records requested by Plaintiff were properly withheld from disclosure because Plaintiff was a party to a civil action against Defendant at the time of the request.  See M.C.L. § 15.243(1)(v).

Plaintiff's Claim 3, for alleged Constitutional violations, should be dismissed because Plaintiff has failed to adequately plead any policy or procedure of Defendant that is the basis for the underlying complaints.  Further, to the extent Plaintiff is challenging actions related to his underlying criminal case, those claims are have not been sufficiently pled.  These claims are also barred by the ***Rooker Feldman*** doctrine and/or the ***Heck*** doctrine as collateral attacks on his sentence or prior judgment.

Plaintiff's Claim 4, for malicious prosecution should be dismissed.  To the extent it is based on state law, Plaintiff's claim is barred by governmental immunity.  To the extent it is a claim based on a Constitutional right, Plaintiff has failed to plead any policy or procedure of Defendant that is the basis for the underlying complaint.  Additionally, these claims are also barred by the ***Rooker Feldman*** doctrine and/or the ***Heck*** doctrine as collateral attacks on his sentence or prior judgment.

**6)** **Pendent State Claims**: Plaintiff asserts pendent state law claims.

**7)** **Joinder of Parties and Amendment of Pleadings**:  The Parties expect to file all motions for Joinder of parties to this action and to file all motions to amend pleadings by May 16, 2016 or 30 days after the Rule 16 Scheduling Conference hearing.

**8)** **Disclosures and Exchanges**:

**(i) Fed.R.Civ.P. 26(a)(1) disclosures**:

Plaintiff's statement:          2 weeks after Rule 16 conference

Defendant's statement: 2 weeks after decision on motion challenging subject matter jurisdiction.

**(ii) Expert Names**:

Plaintiff's statement: The Plaintiff expects the parties be able to furnish the names of Expert Witnesses by May 26, 2016.

Defendant's statement: 30 days after decision on motion challenging subject matter jurisdiction for Plaintiff; 30 days after Plaintiff's disclosure for Defendant.

**(iii) Fed.R.Civ.P. 26(a)(2) disclosures**:

It would be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).

**(iv)** The parties have agreed to make available the following documents without the need of a formal request for production: None at this time.

**9)	Discovery**:

Plaintiff's statement: Completed by August 26, 2016.

Defendant's statement: Completed within 180 days after decision on motion challenging subject matter jurisdiction.

**10)	Disclosure of Discovery of Electronically Stored Information**:

Plaintiff's statement: All shared electronic documents will be transferred by email between defense council and plaintiff council and provide a copy of every email to Jessica Wright; The court's case manager.

Defendant's statement: Defendant does not anticipate the need or use for ESI.

**11) Assertion of Claims of Privilege or Work-Product Immunity After Production**:   The parties agree that if any of them realizes that arguably privileged material has been disclosed, the matter will be handled pursuant to the procedure set forth at Fed.R.Civ.P. 26(b)(5)(B). In every respect, the burden of proof will remain with the party advocating the privilege, confidentiality, or other bar from disclosure.

**12) Motions**:

The parties acknowledge that W.D. Mich.LcivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligations created by rule 7.1(d).

Plaintiff's statement:   Plaintiff anticipates that all dipositive motions will be filed by May 26, 2016.

Defendant's statement:   Defendant proposes that all motions challenging subject matter jurisdiction be filed by May 26, 2016; any subsequent motion for summary judgment shall be filed not later than 30 days after the close of discovery.

**13) Alternative Dispute Resolution**:

Plaintiff's statement: The parties agree that based upon 2 failed attempts by plaintiff to pursue alternative dispute resolution with plaintiff making 2 offers to resolve the dispute alternatively have failed base upon defense counsel stating "our client has done no wrong". Alternate dispute resolution has been deemed not possible.

Defendant's statement: Defendant does not believe this matter is appropriate for alternative dispute resolution at this time.

**14) Length of Trial**:   Plaintiff requests 7 days; Defendants anticipate 2 days.

**15)** **Prospects of Settlement**:

Plaintiff's statement: The status of settlement negotiation is: The plaintiff counsel has offered to Horia Neagos of the defense council William/Hughes, PLC and copied the settlement offer to the Muskegon Count Clerk on 2 occasions.  The defense maintained "our client has done no wrong; therefore a settlement is not possible."

Defendant's statement:     No settlement discussions have yet occurred between undersigned counsel and Plaintiff.

**16)** **Electronic Document Filing System**: Plaintiff shall submit all pleadings to the Court on paper, and shall serve Defendant by traditional means.  Defendant shall file all documents electronically with the Court, and serve the same on Plaintiff by traditional means.

**17)** **Other**:

Plaintiff's statement:

A Special Character currently does exist, being; The defendant violation of The Freedom of Information act therefore possibly requiring an extended Discovery period, an accelerated disposition is possible providing the defense counsel comes to terms that the damages  inflicted on plaintiff are real and they must return Life, Liberty and Happiness to plaintiff and to be certain to overhaul their current system they term Justice to prevent such damages from ever being inflicted on a United State Citizen. Other relevant factors to the case are that plaintiff suffering multiplies exponentially daily to an extent that plaintiff will be relocated to a permanent institutional caretaking if the plaintiff is maintained as completely incapable of Life Liberty and Happiness do to continuous physical and mental injuries being perpetuated;  Unable to being able to act on any positive action do to being excommunicated and cast out of society without the financial ability to begin reputation restorative actions at costs start at $15,000.00 minimum per year for the rest of the plaintiff's born natural life and plaintiff has been financially decapitated having Lost Everything based upon defendant's criminal actions.

Based upon the facts; The Plaintiff Requests The United States District Court For The Western District Of Michigan to rule in favor of The Plaintiff  for Summary Judgement for damages in the amount of $6,444,000.00.

Defendant's statement:     None.

       Respectfully submitted,

       Plaintiff

       /s/ Daniel Edward Callahan
       Daniel Edward Callahan

       CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

       /s/ Andrew J. Brege
       Allan C. Vander Laan (P33893)
       Andrew J. Brege (P71474)
       Attorneys for Defendant
       2851 Charlevoix Drive SE, Suite 327
       Grand Rapids, MI 49546
       616/975-7470
       E-mail: abrege@cmda-law.com
              avanderlaan@cmda-law.com

Dated: April 12, 2016