UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL EDWARD CALLAHAN, )
)
        Plaintiff, ) Case No. 1:16-cv-00208-PJG
)
v. ) Honorable Phillip J. Green
)
MUSKEGON COUNTY et al., )
)
        Defendants. )
_____ )

## **MEMORANDUM OPINION**

Plaintiff, *pro se*, is pursuing this action against eight Muskegon county officials in their official capacities, pursuant to 42 U.S.C. § 1983. Plaintiff claims various civil rights violations relating to an investigation and criminal prosecution of plaintiff, as well as claims that he was denied needed medications during his thirty days of incarceration at the Muskegon County Jail. (Amended Complaint, ECF No. 26).

This matter is before the Court on defendants Roesler, Burns, Waters, Steinholm, Poulin, Hilson, Hedges, and Davis' motions, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint for failure to state a claim. (ECF No. 38, 39, 41, 44, 45, 46). Plaintiff's response is styled as a "motion for default judgment and response to defense motion to dismiss complaint." (ECF No. 48). The Court has determined that the motions can be denied without the need for oral argument. On October 10, 2016, prior to the instant motions, this Court granted defendant Muskegon County's motion to dismiss pursuant to Rule 12(b)(6). (ECF No.

43). Having considered defendants' written submissions and plaintiff's response, the Court will grant defendants' motions to dismiss.

## **Rule 12(b)(6) Standards**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## **DISCUSSION**

Plaintiff alleges various claims against individuals of the Muskegon County Prosecutor's office. (Amended Complaint, ECF No. 26, PageID.292-94). The various allegations against defendant Hedges, in his official capacity as a Muskegon County

Prosecutor, include prosecutorial misconduct, malicious prosecution, "violation of the [] 6th Amendment Rights of Plaintiff when constant false Felony criminal charges had been manufactured and added as new Felony charges," and "making a Fair and Speedy Trial Impossible for this Plaintiff." (Am. Compl., ECF No. 26, PageID.292-93); (Defs. Hilson, Hedges, and Davis' Mot. to Dismiss, ECF No. 46-1, PageID.547-49).

Plaintiff alleges that defendant Hedges' "prosecutorial misconduct" occurred under the supervision of defendant Hilson, in his official capacity as Elected Muskegon County Prosecutor. (Am. Compl., ECF No. 26, PageID.292); (ECF No. 46-1, PageID.547). The allegation against defendant "Randy" Davis,[1] in his capacity as a Muskegon County Prosecutor, was the wrongful pursuit of "Attempted Resisting Arrest charges while knowingly and willingly violating Brady Disclosure." (Am. Compl., ECF No. 26, PageID.293); (ECF No. 46-1, PageID.548). Finally, plaintiff alleges that his computer was the subject of a "study" that was talked about within the Prosecutor's office and among visitors, but plaintiff does not identify defendants Hilson, Hedges, or Davis as participants in the aforementioned study. (Am. Compl., ECF No. 26, PageID.292-93); (ECF No. 46-1, PageID.548).

Plaintiff further alleges that defendant Waters, acting in her official capacity as the Muskegon County Clerk, "engaged in the Obstruction of Justice when [she]

---

[1] Defense counsel represents that there was not, nor is there currently, a "Randy" Davis in the Muskegon County Prosecutor's Office. (Defs. Hilson, Hedges, and Davis' Mot. to Dismiss, ECF No. 46-1, Page ID.548). Notwithstanding this representation, the Court will address the claims against defendant Randy Davis herein.

failed to forward Plaintiff's 'Renewed Pleadings' as properly filed by this Plaintiff with the Muskegon County Clerks Office," and that the "County Clerk's office knowingly violated the Michigan Freedom of Information Act rights of Plaintiff upon denying access to public records to Plaintiff." (Am. Compl., ECF No. 26, PageID.293); (Def. Waters' Mot. to Dismiss, ECF No. 41-1, PageID.456-57).

The allegations against defendant Poulin, in his official capacity as the Muskegon County Emergency Response Team Commander, include violation of plaintiff's 4th and 8th Amendment rights for "conducting an unreasonable search and seizure, resulting in excessive bail in the amount of $70,000.00 and violation of citizenship rights and equal protection of laws." (Am. Compl., ECF No. 26, PageID.293); (Def. Poulin's Mot. to Dismiss, ECF No. 45-1, PageID.517-18). Finally, plaintiff alleges that defendants Roesler, Burns, and Steinholm, acting in their official capacities of Muskegon County Sheriff, Jail Administrator, and Jail Corrections Officer respectively, "enforce[d] a jail policy to absolutely deny life sustaining medications to inmates," including plaintiff. (Am. Compl., ECF No. 26, PageID.294); (Defs. Roesler, Burns, and Steinholm's Motion to Dismiss, ECF No. 38-1, 39-1, 44-1, PageID.427, 441, 502). Assuming plaintiff's allegations are true, and construing them in a light most favorable to plaintiff, the complaint fails to state a claim against the defendants.

### A. Official Capacity Claims

Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473

U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *See also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165-66 (cited by *Baar v. Jefferson County Bd. Of Education*, 476 F. App'x 621, 634 (6th Cir. 2012)). *See, e.g., Constantino v. Mich. Dep't of State Police*, 707 F. Supp. 2d 724, 732 (W.D. Mich. 2010); *Swartz Ambulance Serv., Inc. v. Genesee County*, 666 F. Supp. 2d 721, 726 (E.D. Mich. 2009); *R.S.S.W., Inc. v. City of Keego Harbor*, 18 F. Supp. 2d 738, 750 (E.D. Mich. 1998); *see also Thompson v. Connick*, 578 F.3d 293 (5th Cir. 2009) (holding that it is proper to dismiss allegations against government officers in their official capacities when the allegations duplicate claims against the governmental entity itself). Accordingly, plaintiff's claims here are duplicative of the claims against Muskegon County and are dismissed, as were the claims against Muskegon County for failure to state a claim of municipal liability.

### B. Qualified Immunity

"Qualified immunity shields government officials from civil damages liability unless the official (1) violated a statutory or constitutional right that was (2) clearly established at the time of the challenged conduct." *Richle v. Howards,* 566 U.S. 658, 664 (2012) (citing *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011)). A statutory or constitutional right is clearly established such that a "reasonable official would [have

understood] that what he is doing violates that right." *Ashcroft*, 563 U.S. at 741. The "clearly established" standard supports the balance between protecting constitutional rights and enabling government officials to effectively perform their duties. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (citing *Davis v. Scherer*, 468 U.S. 183, 191, 195 (1984)). If either element of the standard is not met, the official is entitled to qualified immunity. *Perez v. Oakland County*, 466 F.3d 416, 427 (6th Cir. 2006); *Ashcroft*, 563 U.S. at 735.

This standard, especially regarding the second prong of identifying a clearly established right, depends on not defining the right too generally or too restrictively to give effect to qualified immunity and the purpose of 42 U.S.C. § 1983. It is the plaintiff's burden to show that a right was beyond debate at the time of the violation. *Perez*, 466 F.3d at 427; *Ashcroft*, 563 U.S. at 741. The plaintiff must "show that the right was clearly established in light of the specific context of the case" and that the defendant's personal involvement and actions violated the plaintiff's right. *Perez*, 466 F.3d at 427 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *Hayerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *see also Hagans v. Franklin County Sheriff's Office*, 695 F.3d 505, 508-09 (6th Cir. 2012). It is not for the courts to "guess at the nature of the claim[s] asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Even if plaintiff's claims were not barred as duplicative of claims against Muskegon County, plaintiff's claims against defendants Roesler, Burns, Steinholm, and Poulin do not defeat their qualified immunity as government officials. Plaintiff's

complaint fails to allege violations of clearly established statutory or constitutional rights. Plaintiff's statements regarding defendants Roesler, Burns, and Steinholm's enforcement of a jail policy that corrections officers refer inmates to jail doctors to determine necessary medications do not allege a violation of a specific statutory act or constitutional right. (Am. Compl., PageID.294). Plaintiff's statements regarding defendant Poulin, including that he "conducted an unreasonable search and seizure that resulted in an excessive bail and violation of citizenship rights and equal protection of laws," are conclusory statements that do not assert recognized legal rights or assert facts to support these conclusions. (*Id.*, PageID.293). The generality of the rights violation is not at issue because plaintiff has not properly alleged a violation of any statute or constitutional right.

Further, plaintiff's complaint does not provide concrete, demonstrable facts that connect defendants Roesler, Burns, Steinholm, and Poulin to plaintiff's alleged violations of statutory or constitutional law. Plaintiff does not allege how defendants Roesler, Burns, and Steinholm were personally involved in the alleged policy of referring inmates to jail doctors to determine necessary medications or refusing to give him "life sustaining medications" that had been prescribed for him. (*Id.*, PageID.294). Plaintiff also fails to allege when the "unreasonable search and seizure" by defendant Poulin occurred and how defendant Poulin participated in it. Finally, plaintiff fails to include factual allegations to link defendant Poulin – the Emergency Response Team Commander – to the amount of bail the Court imposed in plaintiff's criminal case.

Accordingly, plaintiff's allegations are insufficient to defeat defendants Roesler, Burns, Steinholm, and Poulin's qualified immunity, so the aforementioned defendants have immunity against plaintiff's claims.

C. **Quasi-judicial Immunity**

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (discussing immunity for judges); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (discussing immunity for municipal court clerks). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). A court clerk performs quasi-judicial functions when he or she accepts and dockets filings, and "authority also weighs in favor of extending quasi-judicial immunity for any failure to timely mail an order." *Petersen v. Garett*, No. 04-60196, 2007 WL 465732 at * 3 (E.D. Mich. Feb 6, 2007) (citing *Smith v. Shelby County*, 3 F. App'x 436 (6th Cir. 2001); *Shavers v. Liefer*, No. 1:06-cv-196, 2006 WL 1360965 at * 1 (W.D. Mich. May 15, 2006); *Lyle v. Jackson*, 49 F. App'x 492 (6th Cir. 2002)).

Plaintiff's claim against defendant Waters does not defeat her quasi-judicial immunity in her capacity as the Muskegon County Clerk at the 14th Judicial Circuit Court for Muskegon County, though plaintiff's claim is also barred as duplicative of claims against Muskegon County. Plaintiff alleges that defendant Waters "failed to

-9-

forward Plaintiff's 'Renewed Pleadings' as properly filed by this Plaintiff with the Muskegon County Clerks Office…" and that "the County Clerk's office knowingly violated the Michigan Freedom of Information Act rights of Plaintiff upon denying access to public records to Plaintiff…" (Am. Compl., PageID.293). Though plaintiff does not identify his "Renewed Pleadings" with a description or date filed, the 14th Circuit Court's docket sheet indicates that the "Renewed Pleadings" were sent via certified mail to the 48th Circuit Court, where plaintiff's case had been reassigned, on August 17, 2015. (Def. Waters' Mot. to Dismiss ECF No. 41-2, 41-6, PageID.466, 485-86).[2] Even if the renewed pleadings were not forwarded properly, filing, docketing, and forwarding filed documents are considered quasi-judicial tasks that qualify for quasi-judicial immunity. Further, there are no facts alleged that plaintiff tried to access records and was denied, nor are there any facts alleged that connect defendant Waters, or any other judicial, quasi-judicial, or government official for that matter, to plaintiff's alleged denial of access to public records.

Accordingly, plaintiff's allegations are insufficient to defeat defendant Waters' quasi-judicial immunity, and defendant Waters has immunity against plaintiff's claims.

---

[2] In ruling on a Rule 12(b)(6) motion to dismiss, the Court may only consider "the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). This Court will consider the 14th Circuit Court Register of Actions and Receipts because they are incorporated into plaintiff's complaint by reference and are central to defendant's motion to dismiss.

### D. Prosecutorial Immunity

Courts determine whether the actions of a government official, such as a prosecutor, are protected by absolute immunity or qualified immunity by looking at the nature of the function performed. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988)). Prosecutors are absolutely immune for conduct in "initiating a prosecution and in presenting the State's case." *Burns*, 500 U.S. at 486 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Additionally, absolute immunity is extended to prosecutors for their decision to file a criminal complaint and seek an arrest warrant and for investigative acts undertaken in direct preparation of judicial proceedings, though it is not extended to those investigative acts typically done by police officers. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997); *Rogers v. O'Donnell*, 737 F.3d 1026, 1032 (6th Cir. 2013); *Buckley,* 509 U.S. at 273-74. The decision to seek and pursue criminal charges, "even if malicious and founded in bad faith, is unquestionably advocatory" and afforded absolute immunity so that prosecutors are not inhibited from aggressively prosecuting their cases with suits for malicious prosecution or abuse of process. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (citing *Joseph v. Patterson*, 795 F.2d 549, 557 (6th Cir. 1986); *Imbler*, 424 U.S. at 424-25)).

Plaintiff's allegations against defendant Hedges, while numerous, do not fall outside the scope of defendant Hedges' prosecutorial immunity. Regardless of whether the charges pursued by defendant Hedges were false or if he violated Brady

Disclosure rules, these charges, as well as defendant Hedges' alleged actions of seeking revocation of plaintiff's bond, prolonging legal proceedings, and conducting investigations in preparation of judicial proceedings – including the study of plaintiff's computer evidence – were not outside of defendant Hedges' prosecutorial immunity. (Am. Compl., ECF No. 26, PageID.292-93). Plaintiff's other allegations, including denial of freedom, life, and liberty are not recognizable legal claims. Additionally, plaintiff refers to malicious prosecution by defendant Hedges "while violating Michigan State Bar Association ethics rules," (Am. Compl., ECF No. 26, PageID.292), violations of which are determined by the Michigan Bar Association disciplinary authority, not this Court. *See* Mich. Prof'l Conduct R. 8.5 (Mich. Bar Ass'n 2017).

Plaintiff has provided no legal authority or alleged facts that are not protected by defendant Hedges' prosecutorial immunity. Accordingly, plaintiff has failed to state a claim against this defendant.

In regards to the claims against defendant Davis, plaintiff alleges that defendant Davis "wrongly pursue[d] Attempted Resisting Arrest charges while knowingly and willingly violating Brady Disclosure." (Am. Compl., PageID.293). Initiation and pursuit of a criminal prosecution is not outside the scope of a prosecutor's immunity, regardless of the prosecutor's motive for his actions. Suppression of exculpatory evidence in violation of the Brady Doctrine is also protected by a prosecutor's absolute immunity. *Buckley*, 509 U.S. at 269; *Ireland*, 113 F.3d at 1447; *Koubriti v. Convertino*, 593 F.3d 459, 470 (6th Cir. 2010). Plaintiff has

not provided any factual allegations or legal authority in support of plaintiff's claims against defendant Davis, and, whether the charges against plaintiff were false or violated Brady Disclosure rules. Accordingly, defendant Davis is immune from plaintiff's claims under prosecutorial immunity.

Plaintiff's only allegation against defendant Hilson is that defendant Hedges' prosecutorial misconduct occurred under defendant Hilson's supervision. (Am. Compl., PageID.292). As such, plaintiff does not allege facts sufficient to attach individual liability to defendant Hilson, though he would be entitled to absolute prosecutorial immunity regardless. Defendant Hilson is also not liable for defendant Hedges' conduct based on supervisor liability principles. Plaintiff has not alleged facts that show defendant Hilson's personal and active encouragement or tolerance of wrongful actions by defendant Hedges, and plaintiff is unable to sustain a claim of supervisor liability against defendant Hilson. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Accordingly, plaintiff's allegations are insufficient to defeat defendants Hilson, Hedges, and Davis' prosecutorial immunity against all of plaintiff's claims, though these allegations are dismissed as duplicative of the claims that were dismissed against Muskegon County.

### E. Plaintiff's Motion for Default Judgment

In plaintiff's response to defendants' motions to dismiss, plaintiff "requests default judgment as a matter of law in the amount of $13,288,000.00." (ECF No. 48, PageID.573). Additionally, defendant attempts to persuade the Court that it should

not allow defendants' argument of 11th Amendment immunity defense, though the defendants' motions to dismiss do not assert this immunity defense. (*Id.*); *See* (ECF No. 38, 39, 41, 44, 45, 46, 51). This Court denies plaintiff's motion for default judgment as a matter of law for failure to state grounds upon which to grant the motion and because granting the defendants' motions to dismiss terminates this case.

## **Conclusion**

For the foregoing reasons, defendants Roesler, Burns, Waters, Steinholm, Poulin, Hilson, Hedges, and Davis' motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim (ECF No. 38, 39, 41, 44, 45, 46) are **GRANTED**. The aforementioned defendants are dismissed from this case, and a judgment will be enter in favor of defendants on all plaintiffs claims.

**SO ORDERED.**

Date:  June 22, 2017  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge